No. 2595

Second Circuit

---

## SHEPPARD GROCERY CO. v. COLE

---

(April 5, 1929.  Opinion and Decree.)

---

Harry V. Booth, of Shreveport, attorney for plaintiff, appellant.

Barksdale, Bullock, Warren, Clark and Van Hook, of Shreveport, attorneys for defendant, appellee.

WEBB, J.  Plaintiff, J. W. Sheppard, doing business under the name of the Sheppard Grocery Company, brought this action against defendant, J. L. Cole, to recover judgment for an alleged balance due on an open account which had been carried on plaintiff's books for several years under the name of J. G. Cole, it being alleged that the account had been opened and credit extended to defendant who had stated that his name was J. G. Cole.

In answer, defendant pleaded, in substance a general denial, and on trial judgment being rendered rejecting plaintiff's demands, he appeals and urges that the evidence established that defendant had opened the account as alleged, and that the judgment should be reversed.

The evidence established that the merchandise shown on the account had been furnished to and used by the family of defendant's father, J. G. Cole, which, at the time the account was opened, consisted of the father and mother, three minor children (including defendant who was at that time eighteen years of age), and two major children, and the evidence is directly conflicting as to whether the account was opened by J. G. Cole, the father, or by defendant, J. L. Cole, relative to which J. W. Sheppard and one of his sons states that the account was opened by defendant, while defendant testified that he did not open the account, and J. G. Cole testified that the account had been opened by him.

There is not anything in the record that reflects upon the credibility of the defendant or his father, and while it is shown that defendant, although a minor at the time, was the principal contributor to the support of the family, it is not shown that J. G. Cole was irresponsible, and the fact that plaintiff, after he ascertained that defendant and his major sister were the principal contributors to the support of the family, looked to defendant to pay the account, adds little, if any, weight to plaintiff's evidence that the account had been opened by and credit extended to him.

The trial court heard the witnesses, and from the evidence presented we do not think that his finding could be said to be manifestly erroneous, and the judgment is therefore affirmed.